■ FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant, v PAUL PROPERTIES—NUTLEY III, Respondent.—In an action on a promissory note, in which, by an order of the Supreme Court, Nassau County, dated November 12, 1976, plaintiff's motion for summary judgment was denied, and defendant-respondent's motion for leave to serve an amended answer was granted, plaintiff appeals from so much of a further order of the same court, dated January 19, 1977, as, upon reargument, adhered to the prior order. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and, on reargument, plaintiff's motion for summary judgment granted, and defendant's motion denied. The defendant made and delivered to Franklin National Bank a written promissory note, dated September 11, 1973, in the amount of $515,000, with interest payable monthly at an

annual rate of 11 ¾%. The note was secured by 10 negotiable instruments. The defendant made a partial payment of $305,000, with interest, leaving an outstanding balance of $210,000. On October 8, 1974 Franklin National was declared insolvent by the Comptroller of the Currency. The plaintiff was duly appointed as Receiver. As Receiver, the plaintiff, acting with the approval of the United States District Court for the Eastern District of New York, assigned all the Receiver's right, title and interest in and to the note dated September 11, 1973 to itself in its corporate capacity. Although the balance of $210,000 was subsequently paid, the interest on that balance was not paid. On March 26, 1975 the defendant made and delivered to the plaintiff its promissory note in the sum of $17,806.31, representing the unpaid interest on the September, 1973 note, payable on or before April 15, 1975. Although demand was made, no part of this note has been paid. We find that the note dated March 26, 1975, the subject of this action, is not usurious and that any claim of usury pertaining to the note dated September 11, 1973 cannot be asserted against the plaintiff as holder of the March 26, 1975 note. Moreover, the note of September 11, 1973 was not usurious. Franklin National Bank was exempt from State usury statutes as the demand loan was of an amount exceeding $5,000 and was secured by negotiable instruments. (See Banking Law, § 108, subd 3; General Obligations Law, § 5-523.) Therefore the defendant's motion for leave to serve an amended answer containing the affirmative defense of usury and a counterclaim for the recovery of double the allegedly usurious interest paid to Franklin National should have been denied. The plaintiff is entitled to summary judgment. The execution and delivery of the March 26, 1975 note are undisputed, as is the default thereon. There are no substantial triable issues of fact which should preclude the summary disposition of this case. We find it unnecessary to rule on the other contentions raised by the parties. Hopkins, J. P., Margett, Damiani and Rabin, JJ., concur.